UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAFAEL MARTINEZ AND CYNTHIA MARTINEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF M.M., A MINOR<br><br>*Plaintiffs*<br><br>vs.<br><br>MEMORIAL HERMANN HEALTH SYSTEM D/B/A MEMORIAL HERMANN CYPRESS HOSPITAL AND ENYIOMA MUOLOKWU, M.D.<br><br>*Defendants* | CASE NO. 4:20-cv-1727<br><br>JURY REQUESTED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Rafael Martinez and Cynthia Martinez, Individually and As Next Friends of M.M., a Minor (hereinafter collectively referred to as "Plaintiffs"), and file this Original Complaint complaining of Defendants Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital and Enyioma Muolokwu, M.D. (hereinafter collectively referred to as "Defendants"), and in support thereof would respectfully show as follows:

## I.
## PARTIES

1. Plaintiff, Rafael Martinez, is an individual who is a citizen of the United States and the State of California.

2. Plaintiff, Cynthia Martinez, is an individual who is a citizen of the United States and the State of California.

3.

4. Plaintiff, M.S., is a minor and an individual who is a citizen of the United States and the State of California, appearing through his parents and next friends, Rafael Martinez and Cynthia Martinez.

5. Defendant, Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital, is a Texas nonprofit corporation with its principal place of business in Harris County, Houston, Texas. It may be served through its registered agent, Ann Seymore, 929 Gessner Rd., Suite 2582, Houston, Texas 77024.

6. Defendant, Enyioma Muolokwu, M.D., is an individual who is a citizen of the United States and the State of Texas. She may be served at her usual place of business, 10680 Jones Road, #600, Houston, Texas 77065, or wherever she may be found.

## II.
## JURISDICTION AND VENUE

7. The Court has jurisdiction under 28 U.S.C. § 1332 based on diversity because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this district because the Defendants reside in this district, and a substantial part of the events or omissions giving rise to these claims occurred in this district. *See* 28 U.S.C. § 1391(b) (1); 28 U.S.C. § 1391(b) (2).

## III.
## FACTUAL ALLEGATIONS

9. On November 10, 2017, Cynthia Martinez ("Cynthia") had a well woman exam with her obstetrician, Defendant Enyioma Muolokwu, M.D. ("Muolokwu"), after having a positive home urinary pregnancy test.

10. Muolokwu administered a pregnancy test during Cynthia's November 10, 2017 office visit, which was also positive.

11. Cynthia received regular prenatal care throughout her pregnancy from Muolokwu.

12. On December 1, 2017, Muolokwu documented in the medical record that Cynthia had a first trimester twin pregnancy.

13. On January 26, 2018, Muolokwu documented in the medical record that Cynthia had a second trimester monochorionic diamniotic twin pregnancy.

14. On April 13, 2018, Muolokwu documented in the medical record that Cynthia desired a primary elective cesarean delivery.

15. On May 11, 2018, Muolokwu documented mode of delivery counseling in the medical record and that Cynthia desired a primary elective cesarean delivery.

16. On May 21, 2018, at gestation of 34 weeks and two days, Cynthia experienced spontaneous rupture of her membranes.

17. On May 21, 2018, at approximately 3:10 p.m., Cynthia called Muolokwu.

18. Muolokwu instructed Cynthia to drive to Defendant Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital ("Memorial Hermann Cypress").

19. Cynthia presented to the labor and delivery unit at Memorial Hermann Cypress around 4:30 p.m.

20. Jennifer Trenholme, RN confirmed ruptured membranes by a visual pool and noted that Cynthia was dilated to 2 cm, 50 percent effaced, and -3 station.

21. Continuous electronic fetal heart rate monitoring began at 4:36 p.m.

22. Cynthia's lab work collected at 5:09 p.m. revealed an elevated white blood cell count of 12.1, MPV of 11.3, and Segs-Bands # of 8.4.

23. Cynthia signed the consent form for cesarean section delivery with appropriate anesthesia at 5:20 p.m.

24. Muolokwu performed a history and physical exam at 6:33 p.m. and documented maternal risk factors including multiple gestation and preterm rupture of membranes, and a description of the pregnancy as complicated by monochorionic-diamniotic twins.

25. At 7:00 p.m., the Memorial Hermann Cypress laboratory requested a type and screen redraw.

26. Electronic fetal monitoring was discontinued at 7:19 p.m.

27. There is no electronic fetal monitoring documentation between 7:19 p.m. and the times of delivery.

28. Cynthia arrived in the operating/delivery room at 7:20 p.m.

29. Anesthesiologist Ashvin Reddy, MD began spinal neuraxial anesthesia at 7:29 p.m., and reported ready at 7:32 p.m.

30. The surgical time out occurred at 7:39 p.m.

31. Muolokwu's stated the low transverse cesarean surgery at 7:41 p.m., which was over three hours after Cynthia arrived at the hospital.

32. Baby A (O.M.) was delivered at 7:45 p.m.

33. Baby B (M.M.) was delivered at 7:46 p.m.

34. After delivery, cord blood gas lab work was collected at 8:19 p.m., and analysis revealed a low cord arterial pH of 6.87, low venous pH of 6.88, elevated arterial cord pCO2 of 113 mm Hg, elevated venous cord pCO2 of 112 mm Hg, low venous cord pO2 of 11 mm Hg, base excess arterial cord of -15 mMol/L, and base excess venous cord of -14 mMol/L.

35. The results of the cord blood gas lab work collected at 8:19 p.m. are consistent with acidosis.

36. The twins' Apgar scores are inconsistently documented in the medical records.

37. Ugochi Imo, RN documented that at one minute after birth Baby B (M.M.) had blue color in the extremities.

38. On June 6, 2018, when M.M. was about two weeks and two days old, a head ultrasound was interpreted as revealing a left-sided intraventricular hemorrhage, likely a right intraventricular hemorrhage, a large bilateral thalamic hemorrhage along the midline measuring 3.2 x 3.1 x 1.7 cm, and bilateral periventricular hemorrhage.

39. On June 7, 2018, M.M. was transferred to Memorial Hermann Children's Hospital for a higher level of care.

40. On June 8, 2018, an MRI brain without contrast was scanned, which a radiologist interpreted as showing extensive intraventricular hemorrhage with consequent hydrocephalus, diffuse white matter hemorrhage in the left frontal lobe, to a lesser extent also involving right superior and anterior frontal lobe white matter, and ischemic changes of the deep gray matter nuclei and subcortical white matter.

41. On June 30, 2018, an MRI brain without contrast was scanned, which a radiologist interpreted as showing the expected evolution of previously seen areas of parenchymal and intraventricular hemorrhage, evolving/decreasing areas of subacute parenchymal hemorrhage in the supratentorial white matter and deep gray nuclei with evolving encephalomalacia, and expected evolution of previously demonstrated ischemic injuries in the bilateral cerebral white matter with development of periventricular cystic encephalomalacia.

42. M.M. was discharged from Memorial Herman Children's Hospital on July 3, 2018, with diagnoses including intraparenchymal and intraventricular hemorrhage, seizures, hydrocephalus, and status post ventricular access device placement.

43. M.M. has a permanent hypoxic ischemic brain injury.

## IV.
## CAUSES OF ACTION

### COUNT 1:
### NEGLIGENCE OF MEMORIAL HERMANN HEALTH SYSTEM
### D/B/A MEMORIAL HERMANN CYPRESS HOSPITAL

44. Defendant Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital, in the course of rendering health care and nursing services to Plaintiff Cynthia Martinez on May 21, 2018, committed acts and/or omissions that constitute negligence as that term is defined by law, including:

   a. Failure of Candace Skelton, RN and Andrea Thompson, RN to recognize uterine tachysystole, provide interventions to remedy the abnormal contraction pattern, notify a physician of the frequency of contractions, and advocate for expedited delivery.

   b. Failure of Candace Skelton, RN and Andrea Thompson, RN to adequately monitor electronic fetal heart rate monitoring (EFM), including troubleshooting and correcting signal loss, recognizing decelerations, immediately implementing nursing interventions to remedy prolonged decelerations, notifying a physician of decelerations, and advocating for expedited delivery.

   c. Failure of Candace Skelton, RN and Nicole Dixon, RN to monitor the EFM of both fetuses in the operating room, when prior to transfer both fetuses

were showing signs of inadequate oxygenation resulting in prolonged decelerations.

45. Defendant Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital is liable under the doctrine of *respondeat superior* and/or other agency principles for its employees, vice principals, borrowed servants, representatives and/or agents.

46. The above-mentioned acts and/or omissions of Defendant Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital were a proximate cause of the occurrence in question and the damages alleged by Plaintiffs.

## COUNT 2:
## NEGLIGENCE OF ENYIOMA MUOLOKWU, M.D.

47. Defendant Enyioma Muolokwu, M.D., in the course of rendering surgical services to Plaintiff Cynthia Martinez on May 21, 2018, committed acts and/or omissions that constitute negligence as that term is defined by law, including:

   a. Failure to perform an expedited delivery shortly after arrival at the hospital, for a patient who already had an elective cesarean delivery plan in place, because of the inherent risks of delaying delivery for a patient at 34-weeks' gestation with monochorionic diamniotic twins presenting with spontaneous rupture of membranes.

   b. Failure to order endotracheal anesthesia instead of spinal anesthesia, which would have allowed for a more expedited delivery.

   c. Failure to order electronic fetal monitoring in the operating room.

48. The above-mentioned acts and/or omissions of Defendant Enyioma Muolokwu, M.D. were a proximate cause of the occurrence in question and the damages alleged by Plaintiffs.

## V.
## **DAMAGES**

49. Plaintiffs would show that, as a direct and proximate result of the negligent acts and/or omissions of the Defendants as set out above, Rafael Martinez and Cynthia Martinez, As Next Friends of M.M. have suffered the following damages:

    a.    Medical expenses of M.M. in the future, beginning with his 18th birthday;

    b.    Physical pain and suffering, mental pain and anguish of M.M. in the future, beginning with his 18th birthday;

    c.    Permanent physical impairment and disfigurement of M.M. in the future, beginning with his 18th birthday.

    d.    Severe and permanent physical and neurological damage of M.M. in the future, beginning with his 18th birthday.

50. Plaintiffs would show that, as a direct and proximate result of the negligent acts and/or omissions of the Defendants as set out above, Rafael Martinez and Cynthia Martinez, Individually have suffered the following damages:

    a.    Mental pain and anguish in the past, which will, in all reasonable probability, continue for the balance of their natural lives;

    b.    Medical expenses of M.M. in the past, which will, in all reasonable probability, continue to be incurred through his 18th birthday;

    c.    Physical pain and suffering, mental pain and anguish of M.M. in the past, which will, in all reasonable probability, continue to be incurred through his 18th birthday;

    d.    Permanent physical impairment and disfigurement of M.M. in the past, which will, in all reasonable probability, continue through his 18th birthday.

   e. Severe and permanent physical and neurological damage of M.M. in the past, which will, in all reasonable probability, continue through his 18th birthday.

51. Plaintiffs have been greatly injured and damaged in an amount that is within jurisdictional limits of this Court for which they now plead against the Defendants.

52. Plaintiffs are entitled to pre-judgment interest at the highest rate allowed by law, for which they now plead.

WHEREFORE, Plaintiffs Rafael Martinez and Cynthia Martinez, Individually and As Next Friends of M.M. pray that Defendants Memorial Hermann Health System d/b/a Memorial Hermann Cypress Hospital and Enyioma Muolokwu, M.D. be served with process and that upon trial by jury that the Plaintiffs have verdict and judgment against the Defendants, jointly and severally, for actual damages shown and proved at trial, for pre-judgment and post-judgment interest, costs of court, and for all other relief at law and in equity to which they are entitled.

Dated: May 18, 2020

Respectfully submitted,

By: *_/S/ Robert W. Painter_*
Robert W. Painter
Texas Bar No. 24013284
Painter Law Firm PLLC
12750 Champion Forest Drive
Houston, Texas 77066
Telephone: 281-580-8800
Facsimile: 281-580-8802
Email: rpainter@painterfirm.com

**ATTORNEY FOR PLAINTIFFS, RAFAEL MARTINEZ AND CYNTHIA MARTINEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF M.M., A MINOR**